UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RONALD HARDING, | : |
| Plaintiff, | : |
| v. | : CASE NO. 3:08CV956(DJS) |
| TOWN OF GREENWICH, | : |
| Defendant. | : |

RULING ON DEFENDANT'S MOTIONS TO COMPEL AND FOR ORDER

Pending before the court are the defendant's motions "to compel" and "for order." (Doc. #93.) The defendant alleges that the plaintiff has failed to comply with discovery and seeks as relief entry of default judgment pursuant to Fed. R. Civ. P. 37. The motions are granted in part and denied in part as follows.[1]

Side Business

The defendant first argues that the plaintiff has not produced all records responsive to the defendant's request for "documents concerning the plaintiff's side business." (Doc. #93, Def's mtn at 1.) This request was the subject of previous motion practice and court orders.

On March 31, 2010, the defendant filed a motion to compel seeking, inter alia, "[a]ll documents relating to the side business or businesses operated by Ronald Harding and/or Francesa Harding

---

[1]This dispute was unnecessarily contentious. Counsel, both experienced attorneys, should have been able to resolve the issues presented. It was evident during oral argument that counsel had not made any meaningful, good faith attempt to discuss the issues prior to seeking judicial intervention.

from 1994 to the present."[2]  (Doc. #74.)  On April 29, 2010, the court (Thompson, C.J.) granted the defendant's motion absent objection. (Doc. #81, Tr. at 9; doc. #76.)  On May 27, 2010, the plaintiff produced, <u>inter alia</u>, some invoices and Federal 1040 Schedule C forms[3] for various years.  About a third of the invoices the plaintiff produced contained redactions.  (Doc. #101, Def's Reply br. at 3.)

The parties subsequently filed a "Joint Statement" in which they stipulated to certain resolutions to outstanding discovery issues.  (Doc. #88.)  In particular, they agreed in ¶4 that as to documents regarding the plaintiff's side business

> [p]laintiff and/or Mrs. Harding will bring unredacted documents to the office of [defense counsel] for

---

[2]Request for production 2 sought:
All documents relating to the side business or businesses operated by Ronald Harding and/or Francesca Harding from 1994 to the present including, but not limited to, invoices for services rendered, bills for services rendered, documents reflecting dates and hours worked by Ronald Harding and type of work performed, documents reflecting tree work by Ronald Harding, pay checks and/or records concerning all individuals providing services, statements, financial records, earnings records, all federal tax returns and state tax returns from 1995 to the present as previously requested, customer lists, business cards, datebooks, diaries, calendars, supplier statements, independent contractor records, organizing documents, annual reports, customer files, records reflecting the addresses of all customers, correspondence, notes, emails, and any and all other documents relating to the Tree Climber business run by Ronald Harding referenced in ¶7 of the Complaint.

[3]Schedule C is used to report income or loss from a business operated as a sole proprietor.

> defendant's inspection and copying. This includes, but is not limited to, all invoices, bills, billing records, accounting records and all other records concerning contract labor, timesheets, equipment, car and truck expenses, telephone, supplies, work clothing and laundry, meals and entertainment, and any and all other miscellaneous records or documents of whatever nature relating to the plaintiff's side business from 1995 to the present. In addition, plaintiff will provide all insurance documents concerning the side business. In addition, plaintiff will provide copies of tax records for his side business from 1995 to 2000, if any.

(Doc. #88, Joint Statement ¶4.) After a conference with the court, the undersigned issued an order that "counsel agreed that the plaintiff shall respond to paragraphs 4 and 5 by 7/21/10. By 8/16/10, defendant shall serve any discovery requests stemming from plaintiff's production. Plaintiff's responses to that discovery shall be due by 8/31/10." (Doc. #89.)

Although the plaintiff produced additional documents on July 19, 2010, he did not produce any additional documents regarding the side business. The plaintiff also did not produce unredacted copies of the invoices that he previously given to the defendant. Instead, the plaintiff submitted a statement saying "Will produce unredacted documents from RFP #2 dated January 25, 2010 at a time to be decided." (Doc. #93, Def's Mtn, ex. 1.)

On August 9, 2010, defense counsel wrote a letter to plaintiff's counsel indicating that despite the parties' stipulation and court order, the July 19th disclosure did not contain any additional records concerning the side business. (Doc. #93, Def's Mtn, ex. 2, Ltr dated 8/9/10.) This motion followed.

During oral argument plaintiff's counsel represented that the redactions concern Mrs. Harding's business. He explained that Mrs. Harding went - apparently without an appointment - to defense counsel's office with the unredacted documents. As it happened, defense counsel was not there that day and Mrs. Harding refused to leave the documents. Instead she took them with her. Plaintiff submits that the defendant's motion should be denied because the plaintiff has made full and complete disclosure and has no additional documents concerning his side business.

On the present record, the court declines to grant the "drastic remedy" of default judgment requested by the defendant. John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc., 845 F.2d 1172, 1176 (2d Cir. 1988). The defendant's motion to compel is granted as follows. By November 11, 2010, the plaintiff shall provide to defense counsel (1) unredacted copies of the documents he previously produced; (2) any and all documents responsive to Request for Production 2 and/or ¶4 of the "so ordered" Joint Statement (doc. #89) and (3) a sworn statement that he has produced all documents responsive to Request for Production 2 and ¶4 of the Joint Statement.

Prescription Records and Additional Medical Records

In the defendant's August 9, 2010 letter to plaintiff, the defendant requested for the first time certain additional information. (Doc. #93, Def's Mtn, ex. 2, Ltr dated 8/9/10.) These

4

informal requests were not the subject of a formal discovery request. The defendant's motion to compel responses to these informal requests is denied.[4]

Prior Applications - Tree Climber

The plaintiff produced one application in response to the defendant's request. To the extent that the defendant seeks to compel the plaintiff to produce a written statement that he has no further documents, the motion is denied.

SO ORDERED at Hartford, Connecticut this 4th day of November, 2010.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge

---

[4]Once again, counsel should be able to resolve these issues.